UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FELIX PRIAMO HERNANDEZ-GARCIA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-831-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Felix Priamo Hernandez-Garcia, a litigant represented by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 2. He argues he is being improperly subjected to mandatory detention under 8 U.S.C. § 1226(c) because he does not have two qualifying predicate convictions.

Mr. Hernandez-Garcia is a native and citizen of the Dominican Republic who was admitted into the United States as a lawful permanent resident in 1994. ECF 7-1 at 2. In 2002, he was convicted of assault in the second degree under NYPL § 120.05(2) and sentenced to five years' probation. *Id.* at 9. In 2007, he was convicted of sexual abuse in the first degree under NYPL § 130.65(2) and sentenced to five years' imprisonment. *Id.* at 10. On March 17, 2015, he was served with an amended notice to appear charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(ii) as an alien convicted of two crimes involving moral turpitude. *Id.* at 7-8. His removal proceedings were administratively

closed because he was in state custody for his criminal conviction. *Id.* at 11. On October 1, 2025, he was taken into custody by United States Immigration and Customs Enforcement (ICE), and he has been in ICE custody ever since. *Id.* at 13-15.

On November 12, 2025, an immigration judge re-calendared his removal proceedings. ECF 7-1 at 23-24. Mr. Hernandez-Garcia requested a custody redetermination hearing but, on February 2, 2026, withdrew that request and a hearing pursuant to *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999), was scheduled for February 9, 2026. *Id.* at 25.[1] Mr. Hernandez-Garcia appeared at this hearing with counsel. ECF 11-1. The immigration judge discussed the complicated case history with Mr. Hernandez-Garcia's counsel, noting that the case had been administratively closed and then re-calendared and had another docket pending before a different immigration judge. *Id.* at 8. The immigration judge determined he needed to "reset" the case, continued the case for a master calendar hearing, and informed Mr. Hernandez-Garcia's counsel that he could submit a new request for bond if he desired. *Id.* The master calendar hearing was scheduled for March 4, 2026. *Id.* at 9.

On March 4, 2026, Mr. Hernandez-Garcia appeared before the immigration judge with counsel for the master calendar hearing. ECF 11-2. The parties only discussed Mr. Hernandez-Garcia's removability, and did not discuss any issues related to his custody. *Id.* The immigration judge sustained the crime involving moral turpitude charge of

[1] A *Joseph* hearing permits an alien to challenge his inclusion in a category subject to mandatory detention under 8 U.S.C. § 1226(c).

removability and set the matter for a hearing on Mr. Hernandez-Garcia's application for cancellation of removal. *Id.* at 9.

On April 30, 2026, the immigration judge found Mr. Hernandez-Garcia removable under § 1227(a)(2)(A)(ii) and ordered him removed to the Dominican Republic. ECF 7-1 at 27-30. Mr. Hernandez-Garcia appealed this decision to the Board of Immigration Appeals (BIA), and this appeal still is pending. *Id.* at 31.

The warden contends this petition should be dismissed because Mr. Hernandez-Garcia failed to complete administrative review of his classification under § 1226(c). In his reply, Mr. Hernandez-Garcia does not respond to the warden's exhaustion argument.

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992). But where "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be accomplished. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). In exercising discretion whether to depart from the general rule, the court considers "the nature of the claim presented and the characteristics of the particular administrative procedure provided," *McCarthy*, 503 U.S. at 146, always cognizant that "individual interests demand that exhaustion be excused" when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process

> would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002)).

Here, the administrative process provides a means to obtain the relief Mr. Hernandez-Garcia seeks. A person detained under § 1226(c) may request a determination that he is not properly included in a mandatory-detention category. 8 C.F.R. § 1003.19(h)(2)(ii). At a *Joseph* hearing, the immigration judge considers whether the government is substantially unlikely to establish the charge supporting mandatory detention. *Joseph*, 22 I. & N. Dec. at 800, 806. An adverse custody determination may be appealed to the BIA. 8 C.F.R. § 1003.19(f). Mr. Hernandez-Garcia's argument that his convictions are not qualifying offenses under § 1226(c) is precisely the kind of statutory issue that this process permits the agency to address.

Although Mr. Hernandez-Garcia appeared for a scheduled *Joseph* hearing, the immigration judge did not decide his custody classification and informed counsel that he could submit a renewed request for bond. Nothing in the record shows that Mr. Hernandez-Garcia renewed that request or otherwise obtained a custody determination. Mr. Hernandez-Garcia did not complete administrative review merely by presenting his argument in his removal proceedings. Custody determinations are separate from removal proceedings, and his pending appeal of the removal order is not an appeal from a *Joseph* determination. 8 C.F.R. § 1003.19(d), (f). Requiring Mr. Hernandez-Garcia to pursue the available custody-review process gives the agency an opportunity to correct any error and afford custody-related relief before this court

intervenes. See *McCarthy*, 503 U.S. at 145–46 (explaining that exhaustion gives an agency an opportunity to correct its own errors).

Mr. Hernandez-Garcia identifies no basis to excuse exhaustion. He does not contend that pursuing custody review would be futile or cause unreasonable delay, and his statutory classification argument is one the agency is competent to resolve. *See Gonzalez*, 355 F.3d at 1017–18.

Accordingly, before seeking habeas relief on his classification claim, Mr. Hernandez-Garcia must pursue a *Joseph* hearing and, if necessary, a BIA appeal of the adverse custody determination. The court dismisses this claim without prejudice and does not decide whether his convictions subject him to mandatory detention under § 1226(c).

For these reasons, the court:

(1) **DISMISSES WITHOUT PREJUDICE** Mr. Hernandez-Garcia's habeas petition for failure to exhaust administrative remedies; and

(2) **DIRECTS** the clerk to enter judgment accordingly and close this case.

SO ORDERED on November 12, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT